STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. BOBBY JONES, DEFENDANT-RESPONDENT.

Argued February 21, 1978—Decided May 15, 1978.

*Ms. Susan W. Sciacca,* Deputy Attorney General, argued the cause for appellant (*Mr. John J. Degnan,* Attorney General of New Jersey, attorney).

*Mr. David L. Kervick,* Assistant Deputy Public Defender, argued the cause for respondent (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

The opinion of the court was delivered by

SULLIVAN, J. Certification was granted in this case, 75 *N. J.* 19 (1977), to review the action of the Appellate Division modifying the sentence imposed on defendant by the trial judge on the ground that it was manifestly excessive.

Defendant pleaded guilty to a charge of rape and two charges of assault with intent to kill. The charges of assault grew out of defendant's arrest on the rape charge. While he was being questioned at police headquarters about the rape, defendant suddenly seized a gun from one of the officers present (apparently he pulled it from the officer's holster) and attempted to escape. During a struggle with several officers he aimed the gun at them and pulled the trigger several times. Fortunately, the gun was not loaded and defendant was subdued without having injured anyone.

Two indictments were returned against defendant. In one he was charged with three counts of assault with intent to kill, two counts of assault and battery on police officers, one count of escape and one count of threatening to kill. The second indictment charged defendant with one count of rape and one count of private lewdness.

As the result of a negotiated plea, which was accepted by the trial judge, defendant pleaded guilty to the charge of rape and two charges of assault with intent to kill. The remaining charges were dismissed. Following a diagnostic examination which found that defendant did not qualify for treatment under the New Jersey Sex Offender Act, the following sentences were imposed. On each plea of guilty to a charge of assault with intent to kill, defendant was sentenced to State Prison for a term of not less than 10 years nor more than 12 years, the two sentences to be served concurrently. On the plea of guilty to the charge of rape defendant was sentenced to State Prison for a term of not less than 15 years nor more than 20 years, to be served consecutively to the sentences imposed on the assaults with intent to kill.

Regarding the sentence for rape, the judge stated that he was imposing a lengthy term of incarceration because, while

defendant did not qualify for treatment under the Sex Offender Act, he was suffering from an emotional disorder of a schizophrenic, paranoid nature and that extensive psychiatric treatment was needed which should be provided in a custodial setting. The judge added that the sentence was designed to protect society as well as hopefully to rehabilitate defendant.

As to the sentences for the assaults, the judge stated that but for the fact that the gun which defendant "grabbed" was unloaded, the death of two police officers could easily have occurred. The judge added that the sentences for the assaults were designed to protect society and also act as a deterrent to others.

Defendant appealed on the single ground that the sentences imposed aggregating 25 to 32 years in State Prison were manifestly excessive. The Appellate Division agreed. It noted defendant's age of 24 years at the time and a minimal record of prior offenses. Since the policy of the law as set forth in *State v. McBride,* 66 *N. J.* 568, 580 (1975) is to reform the youthful offender, the Appellate Division said it was at a loss to understand how meaningful rehabilitation could be accomplished by an aggregate State Prison sentence of 25 to 32 years.

Accordingly, the Appellate Division found that the ends of justice would best be served by modifying each of the sentences to indeterminate terms at the Youth Correctional Institution Complex, the sentence on the rape charge with a maximum of 15 years. All of the sentences were to run concurrently. This Court granted certification to review the State's contention that the modification of sentence, as made, was excessively lenient and an abuse of the appellate function.

At the oral argument of the appeal it was disclosed that defendant has been released from the Youth Complex on parole, his total period of confinement having been 887 days.

The power of an appellate court to review a sentence in a criminal case and modify it if found excessive is un-

questioned. *State v. Leggeadrini,* 75 *N. J.* 150 (1977). The scope of appellate review and the standards and criteria to be applied in determining whether or not a sentence is excessive are articulated in our numerous decisions which have considered the question. See for example, *State v. Leggeadrini, supra; State v. Knight,* 72 *N. J.* 193 (1976); *State v. Milligan,* 71 *N. J.* 373 (1976); *State v. Spinks,* 66 *N. J.* 568 (1975); *State v. McBride, supra.*

■ We have reviewed the entire record including defendant's pre-sentence report. We agree with the Appellate Division that the sentences to State Prison aggregating 25 to 32 years were manifestly excessive and should be modified. However, we conclude that in modifying the sentences so as to result in three concurrent indeterminate sentences to the Youth Complex, the Appellate Division failed to give proper consideration to all of the elements which must be weighed in determining the proper sentence. In *State v. Jones,* 66 *N. J.* 563, 568 (1975) we stated:

\* \* \* In fixing a sentence a judge should consider the gravity of the crime and appropriate punishment therefor, deterrence, protection of the public, rehabilitaton and any other factors or circumstances relevant to the particular situation.

Considering all of the factors, we conclude that a minimum term in State Prison, as determined by the sentencing judge, is proper, in view of the seriousness of the crimes and appropriate punishment therefor. See *State v. Spinks, supra.* As a youthful offender and under appropriate circumstances, defendant can be administratively transferred to the Youth Complex to serve his prison sentence. We assume, as did the trial judge, that the psychiatric treatment needed by defendant will be afforded him.

For each assault with intent to kill, we hereby reinstate the sentence imposed by the trial judge of a term of not less than 10 years nor more than 12 years to be served in State Prison, these sentences to run concurrently. For the rape, we hereby reinstate the sentence imposed by the trial

judge of a term of not less than 15 years nor more than 20 years to be served in State Prison, this sentence to be served concurrently with the sentences for the assaults. The judgments of conviction are modified accordingly.

*For modification*—Chief Justice HUGHES, Justices SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER, HANDLER and Judge CONFORD—7.

*Opposed*—None.